## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 0:15-cv-60166-WPD

OTILIO  APOLINARIO,  and  all  other
similarly-situated under 29 U.S.C. 216(b),

      Plaintiff,

v.

MI  BOHIO  RESTAURANT  &  LOUNGE
CORP.  d/b/a  PURITA'S  RESTAURANT
AND  LOUNGE,  PURA  D.  ABREU,
MARIANO A. ABREU,

      Defendants.

_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

      Defendants, by and through undersigned counsel, hereby file their Motion for Summary

Judgment and state as follows:

### SUMMARY OF ARGUMENT

      Defendants are entitled to summary judgment in their favor and against the Plaintiff in

this FLSA case as a matter of law because Plaintiff was not an individual covered by the FLSA –

either through individual coverage or through enterprise coverage.

### RELEVANT PROCEDURAL BACKGROUND

      1.      On January 28, 2015, Plaintiff, a cook, filed his Complaint for violation of the

FLSA against the Defendants in this matter. Plaintiff's Complaint alleged that he worked for the

Defendants between September 9, 2014 and December 31, 2014 [DE #1, at ¶10]. Further the

Complaint alleged that based upon Plaintiff's "information and belief," the entity has grossed

more than $500,000.00 in each of the years 2014 and 2015. [DE #1, at ¶13-14]. While stating, in

1

general, that Plaintiff was a "cook," Plaintiff's Complaint is otherwise devoid of any substance concerning his tasks and activities.

2.       On March 24, 2015, Defendants answered the Complaint, denying that the entity Defendant grossed more than $500,000.00 in the relevant years and denying that Plaintiff was covered by the individual coverage theory under the FLSA. [DE #13]

3.       On October 19, 2015, Plaintiff's deposition was taken.

## STATEMENT OF MATERIAL UNDISPUTED FACTS

Pursuant to S.D. Fla. L.R. 56.1(a), Defendants are filing simultaneously herewith a separate Statement of Material Undisputed Facts ("SMUF") as an exhibit to this Motion and in support of this Motion, which is incorporated herein by reference.

## LEGAL ARGUMENT

### Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See, *Fed. R. Civ. P. 56(c)*.  The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. See, Gregory v. Quality Removal, Inc., 2014 U.S. Dist. LEXIS 154293, *8 (S.D. Fla. Oct. 29, 2014) (citing *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008)). Despite the presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. See, *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347 (S.D. Fla. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986)). Consequently, once the initial burden is satisfied, "the nonmoving party 'must do more than simply show that there is some

metaphysical doubt as to the material facts.'" See, *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *8 (citing *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009)).

"Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor." See, *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *8 (citing *Shiver*, 549 F.3d at 1343). "The mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." See, *Johnson v. Bd. of Regents*, 263 F.3d 1234 (11th Cir. Ga. 2001). Likewise, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment -- there must be no genuine issue of material fact. See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue is not genuine if it is unsupported by the evidence or created by evidence that is "merely colorable" or not "significantly probative." *Id.* at 249-50. Similarly, a fact is considered material only if it is identified by the substantive law as an essential element of the non-moving party's case. *Id.* at 248. "[U]nless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party, "summary judgment shall be rendered. *Id.* at 249. Stated differently, "[w]here the record taken as a while could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." See, *Matsushita*, Id. at 587.

**<u>Plaintiff Was Not a "Covered Individual" Under The FLSA During His Employment</u>**

As an initial matter, "it is Plaintiffs' burden to establish that subject matter jurisdiction exists." See, *Arilus v. DiEmmanuele*, 895 F. Supp. 2d 1257, 1259 (S.D. Fla. 2012). Here, Plaintiff has failed to establish subject matter jurisdiction under the FLSA.

3

"The FLSA mandates that an 'employee[]' who is 'engaged in interstate commerce' must be paid an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." See, *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. §207(a)). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Id.* there are two types of FLSA coverage: "First, an employee may claim 'individual coverage' if he regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce.'" *Id.* (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). "Second, an employee is subject to enterprise coverage if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Id.* (citing 29 U.S.C. §207(a)(1)). "Commerce means 'trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.'" *Id.* (citing 29 U.S.C. §203(b)). "An 'enterprise' is the activities performed by a person or persons who are (1) engaged in 'related activities,' (2) under 'unified operation or common control,' and (3) have a 'common business purpose.'" *Id.* (citing 29 U.S.C. §203(r)(1)).

"In relevant part, an enterprise is engaged in commerce or in the production of goods for commerce if it

(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and**

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000."

*Id.* (citing 29 U.S.C. §203(s)(1)(A)(i)-(ii)) (emphasis in the original)

"Alternatively, enterprise coverage is available to any employee of an enterprise 'engaged in the operation of a hospital [or] an institution primarily engaged in the care of . . . the aged . . . who [also] reside on the premises of such institution.'" *Id.* (citing 29 U.S.C. §203(s)(1)(B)).

a) **Plaintiff Was Not Covered Under The FLSA's "Individual Coverage" Theory**

Here, Plaintiff's clear deposition testimony establishes that Plaintiff did not regularly and recurrently participate in interstate commerce where all his duties were intra state – he cooked, locally, for his employer – a locally owned, one-location, Latin restaurant in Broward County, Florida.

Specifically, Plaintiff admitted that his job functions were to cook (**DE #26-2**, 33:2-4). Plaintiff stated that he never traveled outside Florida for the job (**DE #26-2**, 66:15-17). Plaintiff stated that he never placed orders for any food or supplies used by the Defendants (**DE #26-2**, 39:7-21) Plaintiff admitted that he never cooked food that traveled interstate subsequently. (**DE #26-2**, 66:7-10) Finally, Plaintiff stated that did not use any of the various instrumentalities of interstate commerce (**DE #26-2**, 50:18-21; 50:4-10)

"For individual coverage to apply under FLSA, an employee must present evidence that he or she was (i) engaged in commerce or (ii) engaged in the production of goods for commerce." See, *Lopez v. Ans*, 2010 U.S. Dist. LEXIS 7543; 2010 WL 335638 (S.D. Fla., January 29, 2010) (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1265-1266 (11th Cir. 2006)); *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *16 (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). "The Eleventh Circuit found that to 'engage in commerce,' a plaintiff must 'directly participat[e] in the actual movement of persons or things in interstate commerce.'" *Ans,* Id. (citing *Thorne*, 448 F.3d at

1266). "When determining individual coverage, the character of the employee's activities is determinative, not the nature of the employer's business." *Id.* (citing *Overstreet v. N. Shore Corp.*, 318 U.S. 125 (1943)). "The test to determine whether an employee is engaged in commerce is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." See, *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id.* (citing 29 C.F.R. 776.10(b)). "The 'employee's interstate activity must be regular and recurrent and not simply isolated or sporadic for jurisdiction to exist.' *Id.* (citing *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009)); *Seijo v. Casa Salsa, Inc.*, 2013 U.S. Dist LEXIS 167205; 2013 WL 6184969, at *3-4 (S.D. Fla. November 25, 2013) ("Casa Salsa is a dance studio, not an instrumentality of interstate commerce, a fact that Seijo does not contest. So she needs to produce evidence that she *regularly* used the instrumentalities of interstate commerce in her work . . . Traveling to New York once a year is not regular and is therefore insufficient") (emphasis in original); *Lopez v. Pereyra Ans*, 2010 U.S. Dist. LEXIS 7543, 2010 WL 335638, at *5 (S.D. Fla. Jan. 29, 2010). To the extent Plaintiff claims that he is individually covered by the FLSA because some of the supplies or food ingredients he used originated outside Florida, this Court has already ruled one this issue, that such "contact" is insufficient for individual coverage purposes under the FLSA. See, *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012) (citing *Lopez v. Top Chef Inv., Inc.*, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, *2 (S.D. Fla. Nov. 30, 2007)) ("In

this case, the fact that the food (or ingredients) and beverages to be served to customers may have passed in interstate commerce prior to arriving at the restaurant does not invoke individual coverage under the FLSA.")

As in *Nichell's Caribbean Cuisine, Inc.* and in *Top Chef Inv., Inc.*, the Plaintiff here was a cook, whose work consisted solely of cooking food for clientele of a locally-owned restaurant.

Plaintiff has provided no evidence that his work was not purely local in nature, as is the work of employees such as Plaintiff; he has not shown that his job included regular and recurrent interstate commerce. Thus, he is not a covered employee under the "individual coverage" prong of the FLSA and Defendants are entitled to summary judgment on this issue.

**b)  <u>Plaintiff Was Not Covered Under The FLSA "Enterprise Coverage" Theory</u>**

The uncontroverted evidence in this case shows that the entity Defendant did not gross $500,000 in 2014 – the year in which Plaintiff worked for it. Defendant stated under oath in its responses to interrogatories that it grossed less than $500,000.00 in 2014. See, ***DE #26-4***. The tax returns show that the entity Defendant grossed $261,562.00 in 2014. See, ***DE #26-3***. Plaintiff has come forward with only with his speculation to refute Defendants' testimony and submitted evidence. "As the party defending summary judgment, Plaintiff has the burden of responding to Defendants' tax returns with 'relevant and admissible evidence sufficient to rebut this showing.'" See, *Gregory v. Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, *11 (S.D. Fla. Oct. 29, 2014) (citing *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 247 (11th Cir. 2007)). Plaintiff admitted to not having personal knowledge as to Defendants' finances. Instead, Plaintiff attempts to "prove" that his employer grossed at least $500,000.00 through pure baseless speculation and conjecture, based on his recollection of "movement" in the restaurant. See, e.g.,

*DE #26-2*, 54:19-20. This is insufficient. See, *Lopez v. Top Chef Inv., Inc.*, 2007 U.S. Dist. LEXIS 88120, *7 (S.D. Fla. Nov. 30, 2007).

As stated above, "enterprise coverage has two prongs and occurs where (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (2) where the employer's annual gross volume of sales is $500,000 or more." See, *Dent v. Joseph A. Giaimo, D.O., P.A.*, 606 F. Supp. 2d 1357 (S.D. Fla. 2009). "The second prong of 'enterprise coverage' is that the enterprise must have an annual gross volume of sales made or business done in an amount of not less than $500,000.00." See, *Flores v. Nuvoc, Inc.*, 610 F. Supp. 2d 1349, 1355 (S.D. Fla. 2008). "Recent decisions by district courts in this circuit have held that an enterprise's total gross volume sales or business done may be determined from its tax returns." *Id.* (citing *Stout v. St. Amour's Lawn Care, LLC*, 2008 U.S. Dist. LEXIS 31280, 2008 WL 816818 *2 (M.D. Fla., Mar. 25, 2008); *Thompson v. Robinson,* 2007 U.S. Dist. LEXIS 68445, 2007 WL 2714091 *4 (M.D. Fla., Sep. 17, 2007); and *Lopez v. Top Chef Investment, Inc.,* 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646 *3 (S.D. Fla., Nov. 30, 2007)(rejecting Plaintiff's conclusory assertions that Defendants had understated their income on their federal tax returns and accepting the gross income figure on Defendants' federal tax return in considering whether enterprise coverage existed)).

Here, in his Complaint, Plaintiff alleged in a rather formulaic and substance-less fashion, that "[U]pon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2014."

Likewise, in his Complaint, Plaintiff alleged without providing any factual basis for the allegation, that, "[U]pon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2015."

Plaintiff provides no further information to support his subjective "belief" that the Defendant's gross revenue has surpassed the statutory threshold for enterprise coverage under the FLSA.

Defendants have provided tax returns and bank records for the entity Defendant to Plaintiff's counsel, demonstrating that its gross revenues were significantly under the $500,000.00 threshold in 2014.

At his deposition, Plaintiff was asked specifically on this issue. In response to counsel's questions, Plaintiff stated that he never viewed Defendants finances or bank accounts and that he does not have personal knowledge as to Defendants' finances (**DE #26-2**, 50:11-13; 50:22-24; 76:20 – 77:5). The only testimony he provides in support of his belief, is, "…What I know and what I'm aware is of the movement that was happening." (**DE #26-2**, 54:19-20). This testimony repeats itself several times in Plaintiff's responses. Such testimony is insufficient to rebut Defendants' tax returns. See, e.g., *Lopez v. Top Chef Inv., Inc.*, 2007 U.S. Dist. LEXIS 88120, *7 (S.D. Fla. Nov. 30, 2007) ("Plaintiff's statement is conclusory and gives no indication of how he, working only as a cook in the kitchen, has personal knowledge of the Defendants' earnings. It seems unreasonable to credit Plaintiff's conclusory assertion that Defendants' understated their income by over $440,000 on their federal tax return"); *Arilus v. DiEmmanuele*, 895 F. Supp. 2d 1257, 1262 (S.D. Fla. 2012) ("Even taking all of the testimony in the light most favorable to Plaintiffs, the Court finds that the Plaintiffs' testimony as to alleged payments from customers in cash on a few occasions simply is insufficient to establish that there is a disputed issue

of <u>material</u> fact as to the volume of Defendants' annual sales or business done.") (emphasis in original).

In *Gregory v. Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293 (S.D. Fla. Oct. 29, 2014), the Plaintiffs attempted to negate Defendant's tax returns by estimating that the Defendant's gross receipts were higher than the returns showed because they believed additional drivers provided services in similar volumes as they did. Plaintiffs had no ledgers, balance sheets, phone records, mileage reports, receipts, or bank statements to support their projections. Relying on the Eleventh Circuit's rejection of similar testimony in *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292 (11th Cir. 2011), the *Quality Removal* Court rejected such testimony as incredible and inadmissible to rebut the tax returns.

In *Josendis*, the Plaintiff relied on conjecture and speculation as to Defendant's volume of business without substantiating any of it with evidence or personal knowledge, in an attempt to avoid summary judgment on the issue of enterprise coverage. The affidavits he provided stated some amounts of revenue the Plaintiff personally observed ($5,000 check and an estimation that the Defendant earned $13,000-$14,000 per project) "did not ground their projections in admissible evidence concretely establishing the true measure of Wall to Wall's gross sales per year, nor did they explain how they came to their <u>belief</u> that Wall to Wall had earned $500,000 in any one of the relevant years." *Id*. at 1318. The court concluded that, "unreliable conjecture that Wall to Wall worked on a certain number of apartments, presented as a 'belief' without any basis in ascertainable fact, was not the type of admissible evidence required to survive a motion for summary judgment See, *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1318 (11th Cir. Fla. 2011).

This is exactly what Plaintiff is asking the Court to do here. Plaintiff has no personal knowledge or facts supporting his belief that the Defendants grossed $500,000.00 in 2014 or in 2015 (Where even he admitted to not being present a single day at the restaurant in 2015).  As to 2014, Plaintiff's estimation relied, repeatedly, on his observation of "movement" in the restaurant, when he admitted that he had no access to the finances, or actual receipts of the business in the four months he was there in 2014.

Because the corporate Defendant showed to have grossed $261,562.00 in 2014 through its tax returns – significantly less than $500,000.00 – and Plaintiff was unable to articulate a credible reason why those returns should not be determinative of the issue as tax returns are in the Eleventh Circuit, the Defendants are entitled to summary judgment on the issue of enterprise coverage under the FLSA.

## CONCLUSION

For the above-stated reasons, Defendants respectfully request that this Court enter an Order granting their Motion for Summary Judgment as to Plaintiff's overtime claim and any such other relief as the Court deems just and proper.

Respectfully submitted, this 23rd day of December, 2015.

LUBELL & ROSEN, LLC
*Attorneys for Defendants*
200 S. Andrews Ave, Suite 900
Ft. Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:     adi@lubellrosen.com

By: *s/Adi Amit*_____
      Adi Amit, Esquire
      Florida Bar No. 35257

11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 23, 2015, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:____/s *Adi Amit*_____
Adi Amit, Esquire
Florida Bar No: 35257

## <u>SERVICE LIST</u>

*Otilio Apolinario v. Mi Bohio Restaurant & Lounge Corp. etc., et al.*
S.D. Fla. Case No. 0:15-cv-60166-WPD

| | |
|---|---|
| J.H. Zidell, Esq. | Adi Amit, Esquire |
| Elizabeth O. Hueber, Esq. | Natalie M. Pappas, Esquire |
| Steven C. Fraser, Esq. | LUBELL & ROSEN, LLC |
| J.H. Zidell, P.A. | 200 S. Andrews Ave. |
| 300 71st Street | Suite 900 |
| Suite 605 | Fort Lauderdale, FL 33301 |
| Miami Beach, Florida 33141 | adi@lubellrosen.com |
| zabogado@aol.com | npm@lubellrosen.com |
| elizabeth.hueber.esq@gmail.com | *Counsel for Defendants* |
| steven.fraser.esq@gmail.com | |
| *Counsel for Plaintiff* | |

12