UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:15-cv-60166-WPD

OTILIO APOLINARIO and all other
similarly-situated under 29 U.S.C. 216(b)

    Plaintiff,

v.

MI BOHIO RESTAURANT & LOUNGE
CORP. d/b/a PURITA'S RESTAURANT
AND LOUNGE, PURA D. ABREU,
MARIANO A. ABREU,

    Defendants.
_____/

## DEFENDANT MI BOHIO RESTAURANT & LOUNGE CORP.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

I HEREBY CERTIFY that a true and correct copy of Defendant, MI BOHIO RESTAURANT & LOUNGE CORP.'S Responses to Plaintiff's First Set of Interrogatories, served on October 22, 2015, has been served by facsimile, electronic mail, and U.S. mail this 25th day of November, 2015, to: Elizabeth Hueber, Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, Florida 33141, Tel: (305) 865-6766, Fax: (305) 865-7167, elizabeth.hueber.esq@gmail.com, *Attorney for Plaintiff.*

                                                        LUBELL & ROSEN, LLC
                                                        *Attorneys for Defendants*
                                                        200 S. Andrews Ave, Suite 900
                                                        Ft. Lauderdale, Florida 33301
                                                        Phone: (954) 755-3425
                                                        Fax: (954) 755-2993
                                                        e-mail: npm@lubellrosen.com

                                                        By */s/ Natalie P. Mescolotto*
                                                           Natalie P. Mescolotto, Esquire
                                                          Florida Bar No.: 26721

## RESPONSES TO INTERROGATORIES

1. Please state the legal name, address, date of birth, social security number and phone number of the person responding to these interrogatories and the employment relationship that the same has with the Defendant.

**Response:**   Mariano Antonio Abreu (President/Owner)
c/o Lubell & Rosen, LLC
200 South Andrews Avenue
Suite 900
Fort Lauderdale, Florida 33301
954-880-9500
SS: ████ 2920

2. Please state what Plaintiff's wages were during his entire employment period with you. Include what Plaintiff's hourly wage was, what Plaintiff's overtime wage was (if any), any and all bonuses or commissions that Plaintiff received during Plaintiff's entire employment period with you.

**Response:**   Plaintiff's starting wage was $10 per hour for the first two months of his employment. After two months, Plaintiff's wage was increased to $11 per hour. Plaintiff was paid his hourly rate for all hours worked.

3. Please state the name, address, and phone number of the Defendant's accountant(s) and/or tax preparer(s) for the last quarter of 2013 and the year 2014, as well as the name of the individual in charge of the Defendant's payroll during the same period.

**Response:**   Accountant:
Nadin Ruiz
Price Advantage
2717 Michigan Avenue
Kissimmee, Florida 34744
786-277-2266

Person In Charge of Defendant's Payroll:
Mariano Antonio Abreu

4. If you contend there are weeks during Plaintiff's employment with Defendant in which Plaintiff did not work overtime hours, please state the weeks that Plaintiff did not work overtime and the amount of hours that you contend Plaintiff worked during those weeks and the basis for said contention.

**Response:** Plaintiff worked more than 40 hours in some weeks.

5. Identify all documents you reviewed, relied upon or referred to in answering, or that in any way assisted you in answering, any of the interrogatories contained herein.

**Response:**
1. 2014 Corporate Tax Return for Mi Bohio Restaurant & Lounge Corp.
2. Checks provided to Plaintiff from Mi Bohio Restaurant & Lounge Corp.

6. Please state the gross annual sales, income and/or business done during the last quarter of 2013 and the year 2014 for MI BOHIO RESTAURANT & LOUNGE CORP. d/b/a PURITA'S RESTAURANT AND LOUNGE.

**Response:** Objection to the extent this interrogatory is asking for information that exceeds the possible limitations period and/or any of Plaintiffs' dates of employment with Mi Bohio Restaurant & Lounge Corp.

2014: $261,562.00

7. List each vendor from whom you purchased food, beverages, materials, equipment, appliances, products, or materials from during the last quarter of 2013 and the year 2014. Please include name of vendor, the contact person at said vendor from where said purchases were made; and the address and telephone number of said vendor.

**Response:** 2013: Objection to the extent this interrogatory is asking for information that exceeds the possible limitations period and/or any of Plaintiffs' dates of employment with Mi Bohio Restaurant & Lounge Corp.

2014: Objection. This interrogatory is overbroad, harassing, irrelevant to any of the issues before the Court (an FLSA wage claim) and not reasonably calculated to lead to discovery of admissible evidence. The restaurant obtains food, beverages, materials, equipment, appliances, products and other materials from various vendors. The issue of FLSA enterprise coverage—in dispute in this matter—is an issue of gross receipts, not expenses. See, e.g. *Arilus v. Joseph A. Diemmanuele, Jr. Inc.,* 522 Fed. Appx. 881 (S.D. Fla. 2013). Copies of the invoices from vendors in the possession of Mi Bohio Restaurant & Lounge Corp. are being provided in response to Plaintiff's First Request for Production. Pursuant to Fed. R. Civ. P. 33(d), the requested information can be obtained from those records.

8. List every person, including their phone number and address that ever reconciled or handled cash received by you in the course of business during the last quarter of 2013 and 2014.

**Response:**   Mariano Antonio Abreu
c/o Lubell & Rosen, LLC
200 South Andrews Avenue
Suite 900
Fort Lauderdale, Florida 33301
954-880-9500

Pura Dolores Abreu
c/o Lubell & Rosen, LLC
200 South Andrews Avenue
Suite 900
Fort Lauderdale, Florida 33301
954-880-9500

9. As to each affirmative defense asserted by Defendant, state in detail: (a) each and every fact that supports that defenses; (b) identify each and every person possessing knowledge of any such fact and specify, in substance, the knowledge possessed by each such person; (c) identify and append hereto every document, instrument or other memorandum that contains, reflects or refers to any such fact.

**Response:**   (a) Mi Bohio Restaurant & Lounge Corp.'s gross revenue in 2014 was less than $500,000.00. The Plaintiff was not a covered individual under either individual coverage or enterprise coverage under the FLSA because he was a cook and was never engaged in interstate commerce. Plaintiff was paid for all hours work at his regular rate of pay.

(b) Mariano A. Abreu and Pura D. Abreu

(c) 2014 Income Tax Return for Mi Bohio Restaurant & Lounge Corp., 2014 Bank Account Statements for Mi Bohio Restaurant & Lounge Corp., and Paychecks to Plaintiff.

10. If you or anyone acting on your behalf obtained statements from any person concerning any matter relating to this action, please provide:

a. the names and addresses of the person from whom such statements were taken;

b. the dates and times when the statements were taken;

c. whether the statements were written, oral or recorded;

   d. the names and addresses of the person having custody of these statements; and

   e. the names and addresses of the person who took the statements; and, attach a true copy of any statements referred to above to your answers to this interrogatory.

**Response:** Unknown at this time.

11. Providing an answer that addresses separately each numbered paragraph of the Complaint as to each allegation that Defendant denies:

   a. Set forth each and every fact that supports defendant's denial of that allegation.

   b. Identify each and every person possessing knowledge of any such fact and specify, in substance, the knowledge possessed by such person.

   c. Identify and annex hereto every document, instrument or other memorandum that contains, reflects or refers to any such fact.

**Response:** Objection. This interrogatory is unclear and confusing and not reasonably tailored to lead to the discovery of admissible evidence. It combines multiple questions in one interrogatory in a manner that makes it difficult to respond. Further, If Defendant were to respond to this interrogatory, it would exceed the limit of 25 interrogatories.

12. For every bank account you had during the last quarter of 2013 and the year 2014, state the bank name, the bank account number, and the name(s) under which the account was held.

**Response:** Objection to the extent this interrogatory is asking for information that precedes the date of Plaintiff's employment with entity Defendant.

   <u>2014</u>: Chase
     JP Morgan Chase Bank, N.A.
     00000051762****
     Mi Bohio Restaurant & Lounge Corp.
     DBA Purita's Restaurant & Lounge

## NOTARY ATTESTATION

I, __MARIANO Antonio ABREU__, AN OFFICER/~~MANAGER/AGENT/EMPLOYEE~~ OF DEFENDANT AND WITH PERSONAL KNOWLEDGE OF ALL THE FACTS LISTED TO ALL OF THE INTERROGATORIES (TWELVE TOTAL) DO HEREBY AFFIRM THAT THE ANSWERS TO ALL SAID INTERROGATORIES ARE TRUE AND CORRECT TO

THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

_____
(INDICATE NAME AND RELATIONSHIP WITH DEFENDANT)
OWNER

State of __FLORIDA__ )
                    )
County of __BROWARD__ )

The foregoing instrument was acknowledged before me on this __24th__ day of __NOVEMBER__, 2015, by __MARIANO A. ABREU__, who is personally known to me or has produced __FL DRIVER LICENSE__ as a valid form of identification for these purposes.

_____
Notary public--sign

__Jose M. Tabares__
Notary public--print

JOSE M. TABARES
Notary Public - State of Florida
My Comm. Expires Apr 21, 2017
Commission # FF 010807

_____
Commission number and expiration date of same