UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60166-CIV-DIMITROULEAS

OTILIO APOLINARIO,

                                                Magistrate Judge Snow

    Plaintiff,

vs.

MI BOHIO RESTAURANT & LOUNGE CORP.
d/b/a PURITA'S RESTAURANT AND LOUNGE,
PURA D. ABREU, MARIANO A. ABREU,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Defendants MI BOHIO RESTAURANT & LOUNGE CORP. d/b/a PURITA'S RESTAURANT AND LOUNGE, PURA D. ABREU, and MARIANO A. ABREU ("Defendants") Motion for Summary Judgment [DE 26], filed herein on December 23, 2015.   The Court has carefully considered the Motion, Plaintiff Otilio Apolinario ("Plaintiff")'s Response [DE 30], Defendants' Reply [DE 31], the supporting documentation, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff, a former cook for Defendant Mi Bohio Restaurant & Lounge Corp., a local Dominican food restaurant, filed a Complaint on January 28, 2015, alleging violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for unpaid overtime wages during the period that Plaintiff worked for Defendants as a cook from on or about September 9, 2014 through on or about December 31, 2014. *See* [DE 1].

## II. STANDARD OF REVIEW

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleadings," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F. 2d 1573, 1577 (11th Cir. 1990).

### III.  DISCUSSION

*(1)     FLSA ENTERPRISE COVERAGE*

Defendants argues that the undisputed material facts establish that Defendant restaurant does not meet the requirements for "enterprise coverage" under the FLSA.   In order for an enterprise to be "engaged in commerce" for purposes of enterprise coverage, a business must have employees handling goods or materials that have been moved in interstate commerce and must have annual gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(i), (ii).   Here, Defendant produced tax returns in support of its motion for summary judgment indicating that Defendant does not meet the second requirement for enterprise coverage because it grossed only $261,562.00 in 2014. *See* [DE 26-3].

In response, Plaintiff argues that Defendant's tax returns cannot be accurate because Defendant's bank statements reflect deposits into their Chase account during 2014 of $260,55.07, *see* [DE's 30-3], yet there is testimony that Defendants had at times taken cash from the register to pay for goods purchased, tips, and some payments to employees. *See* [DE's 26-2, 30-1, 30-2]. Plaintiff contends that the evidence supports that "dramatically more" than the $1,406.93 difference between the Chase account ($260,155.07) and the tax return reported gross revenue ($261,562.00) was received by Defendants and not deposited.

Even assuming that Plaintiff has shown that Defendants likely under-reported their revenue to some extent, Plaintiff does not come remotely close to its burden to submit evidence that would create a genuine issue dispute as to the jurisdictional fact of whether the Defendant business had gross volume of sales or business done in excess of the requisite jurisdictional amount of $500,000.00, which is nearly double their reported revenue.   Defendants' motion for summary judgment as to the issue of FLSA enterprise coverage shall be granted.

*(2)   FLSA INDIVIDUAL COVERAGE*

Second, Defendant requests that the Court, on summary judgment, rule as a matter of law that Plaintiff's FLSA unpaid overtime claim also fails as to the theory of FLSA individual coverage. For individual coverage to apply under FLSA, Plaintiff must prove that he was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)) (stating "no employer shall employ any of his employees who ... is engaged in commerce or in the production of goods for commerce ... for a workweek longer than forty hours unless such employee received compensation ... at a rate no less than one and one-half times the regular rate"). The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce. *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 121 (1946); *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942). Here, Plaintiff does not contend that he was engaged in the production of goods for interstate commerce. Thus, the Court must only consider the issue of whether Plaintiff was engaged in interstate commerce for purposes of FLSA coverage.

The test to determine whether an employee is engaged in commerce "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943). In the Eleventh Circuit, to be covered under the FLSA, a plaintiff must be "directly participating in the actual movement of persons or things in interstate commerce." *Thorne*, 448 F.3d at 1266. Moreover, "a substantial part of [Plaintiff's] work" must be the engagement in interstate commerce for the Plaintiffs to successfully invoke individual coverage. *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572 (1943) (holding that individual

coverage is established "[i]f a substantial part of an employee's activities related to goods whose movement in the channels of interstate commerce was established by the test we have described, he is covered by the [FLSA]").

The following facts related to Plaintiff's claim of individual coverage are undisputed for purposes of this summary judgment motion: (a) Plaintiff worked for the Defendant restaurant as a cook; (b) Plaintiff did not cook food that was sent outside of Florida; (c) Plaintiff did not place orders of food or material for Defendants; (d) Plaintiff cooked food prepared with ingredients that had crossed state lines; (e) Plaintiff did not use the internet, telephone, fax, or computer while working for Defendants; (f) Plaintiff did not handle money for Defendants. *See* [DE's 26-1, 30].

Based upon these undisputed facts, the Court finds, as a matter of law, that Plaintiff was not individually engaged in interstate commerce.

The Court finds Plaintiff's claim that he is covered as an individual under the FLSA because he cooked Dominican food for Defendant restaurant using some food ingredients from outside of Florida is entirely without merit.[1]   Handling goods, in this case food ingredients, that have previously traveled in interstate commerce does not constitute engaging in interstate commerce. *See Thorne*, 448 F.3d at 1267 (holding that "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act") (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)); *Navarro v. Broney Automotive Repairs, Inc.*, 314 Fed.Appx. 179, *1 (11th Cir. 2008) ("The automotive parts were removed from the flow of interstate commerce when they

---

[1] Plaintiff emphasizes the "international" nature of the food and ingredients – Dominican - at Defendant restaurant. See, e.g., [DE 29 at p. 5] (attempting to distinguish the vast case law on point by contending that "[t]hey do not refer to circumstances where international ingredients were imported for the purposes of creating international dishes.") However, there is no meaningful distinction in the FLSA context between interstate and international. Plaintiff's position regarding a restaurant's use of food ingredients coming from outside of Florida would apply equally to a restaurant that cooks with Maine lobster or Georgia peaches.

arrived at the auto parts stores."). *See also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1316 (11th Cir. 2011) ("While the point of origin of these vehicles may be relevant under a theory of enterprise coverage, *their origin is irrelevant to the issue of individual coverage*—namely, whether [plaintiff] himself directly participated in the actual movement of persons or things in interstate commerce.") (emphasis added).  "In this case, the fact that the food (or ingredients) and beverages to be served to customers may have passed in interstate commerce prior to arriving at the restaurant does not invoke individual coverage under the FLSA." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012), *as amended* (July 17, 2012). *See, e.g., Lopez v. Top Chef Inv., Inc.*, 2007 WL 4247646, *2 (S.D. Fla. Nov. 30, 2007) ("Plaintiff alleges that he was individually engaged in commerce because he cooked food that had passed in interstate commerce. . . However, it appears that the restaurant prepared food to be served in the local restaurant; Plaintiff does not allege that the food later returned to interstate commerce. The mere fact that the food may have passed in interstate commerce prior to arriving at the restaurant does not mean that the Plaintiff was engaged in commerce for individual coverage."); *Martinez v. Palace*, 414 Fed.Appx. 243 (11th Cir. 2011) (affirming ruling that restaurant cook was not engaged in commerce for purposes of individual coverage under the FLSA even if he handled food products and tools that had traveled in commerce).

Based upon the foregoing, the Court concludes that FLSA individual coverage does not apply to Plaintiff.   Accordingly, Defendant's motion for summary judgment as to this issue shall also be granted.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment [DE 26] is hereby **GRANTED**;

2. Pursuant to Fed. R. Civ. P. 58(a), the Court shall enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of January, 2016.

WILLIAM P. DIMITROULEAS
United States District Judge


Copies furnished to:
Counsel of record